**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MUWSA GREEN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-212 |
| | : | |
| ANTHONY SHORT, et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S.J.                                               March 21, 2012

Currently pending before the Court are the following: (1) Plaintiff Muwsa Green's

Motion for Summary Judgment, and (2) Defendant Anthony Shorts's[1] Motion for Summary

Judgment.  For the following reasons, Defendant Shorts's Motion is granted.  Plaintiff's Motion

is denied with prejudice with respect to Defendant Shorts, denied without prejudice with respect

to the remaining named Defendants, and Plaintiff is given thirty days from the date of the

accompanying Order to properly serve the remaining named Defendants.

**I.       FACTUAL AND PROCEDURAL HISTORY**

On September 18, 2008, Plaintiff alleges that he was an inmate in the Restricted Housing

Unit of the Philadelphia Prison System.  (Compl. ¶ 18.)  On that date, Plaintiff was let out of his

cell for recreation time, which he spent watching television.  (Id. ¶¶ 18-19.)  During that time,

Plaintiff alleges that a correctional officer, Defendant Baltimore, opened the cell of another

inmate and stood by while the inmate attacked Plaintiff and stabbed him in the face with a sharp

_____

[1]  It appears that the correct surname of this Defendant is "Shorts," not "Short," as stated
in the caption to this case.  (See Mem. of Anthony Shorts, attached as unlabeled exhibit to Pl.'s
Mot. Summ. J.)

object.  (Id. ¶ 20.)[2]  According to Plaintiff, approximately fifteen seconds passed before Defendants Baltimore, Davis, and Tucker—all of whom are correctional officers—intervened. (Id.)

On April 15, 2010, Plaintiff filed his pro se Complaint in this Court, alleging the following: (I) the deliberate indifference of Defendants Ms. Daniels, Kerry Boston, and Shirley Madden—who apparently are medical personnel—to Plaintiff's serious medical needs violated his Eighth Amendment right to be free from cruel and unusual punishment; (II) Defendants Baltimore, Davis, and Tucker's deliberate indifference to the beating and stabbing of Plaintiff violated his Eighth Amendment right to be free from cruel and unusual punishment; and (III) Defendant Peterson—also a correctional officer—acted with deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (Compl. ¶¶ 29-31.)  Defendant Shorts is not named in the Complaint's "Legal Claims" section.  The only allegation concerning Defendant Shorts is that he entered Plaintiff's cell along with Defendant Tucker and destroyed a grievance that Plaintiff planned to file in connection with the incident.  (Id. ¶ 24.)

The Complaint named the following eleven Defendants: Philadelphia County Prison Mental Health Medical Unit, Lt. Buffer, Correctional Officer J. Baltimore, Correctional Officer Davis, Correctional Officer Anthony Short, Correctional Officer Tucker, Ms. Daniels (CNA), Kerry Boston (MSW, LSW), Shirley Madden (MSW, LSW), Correctional Officer Peterson, and Correctional Officer Brown.  On April 15, 2010, the Clerk of Court mailed a Notice of Lawsuit

---

[2]  Plaintiff alleges in his Motion for Summary Judgment that it was Defendant Tucker, not Defendant Baltimore, who opened the inmate's cell door.  (Pl.'s Mot. Summ. J. 2.)

and Request for Waiver of Summons and Waiver of Service of Summons to each Defendant.  On

May 10, 2010, Defendant Shorts answered the Complaint.  The Clerk of Court then notified

Plaintiff on May 18, 2010 that none of the individual Defendants, except Defendant Shorts,

waived service.  That same day, the United States Marshals Service attempted to issue the

summons to the Defendants who had not waived service.

On July 28, 2010, after the filing of a petition by Plaintiff, the Court ordered the

remaining Defendants to show cause as to why default judgment should not be entered for failure

to answer the Complaint.  On August 25, 2010, an assistant city solicitor—acting as counsel for

Defendant Shorts—responded to the Court's order and explained why he could accept service

solely on Defendant Shorts's behalf:

> The Mental Health Services Unit is an independent legal entity from the County Prison
> and the City of Philadelphia.  Therefore, they have their own representation.  As to the
> prison and its alleged corrections officials, if Plaintiff were more specific in
> identifying the defendants, counsel would be able to accept service and file a
> responsive pleading on their behalf.  As it is now, Plaintiff generically names
> individuals who cannot be identified.  Based upon the list of City Prison personnel,
> there is no Lt. Buffer employed in any of the City prisons.  Additionally, there is no
> one with the last name Baltimore working in any City prison.  Conversely, there are
> 26 corrections officers with the last name Brown, 13 with the last name Davis, 6 with
> the last name Tucker, and 2 with the last name Peterson.  Based upon Plaintiff's
> inability to properly identify and confirm prison personnel, Counsel is unable to
> accept service or file a responsive pleading on behalf of all defendants except
> Defendant Anthony Shorts.  Counsel was able to accept service and file a responsive
> pleading on Defendant Shorts['s] behalf simply because Plaintiff identified him by
> first and last name and he is the only prison employee with that name.

(Def.'s Resp. Show Cause 2.)  After reviewing the record, the Court is unable to find any evidence

that proper service was effected on any Defendant other than Defendant Shorts.

Plaintiff filed his Motion for Summary Judgment on December 16, 2011.  Defendant

Shorts filed his own Motion for Summary Judgment on January 6, 2012 and a Response in

Opposition to Plaintiff's Motion on January 10, 2012.[3]

## II.    STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials

---

[3] On January 6, 2012, Defendant Shorts also filed another document that is identified on the docket as a response to Plaintiff's Motion for Summary Judgment. This document, however, appears to have been filed in error, as it is merely a copy of Defendant Shorts's Response in Opposition to Plaintiff's Motion for Default Judgment, which had previously been filed on May 10, 2011.

negating the opponent's claim." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  It can meet

its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving

party's case." <u>Id.</u> at 325.  Once the movant has carried its initial burden, the opposing party "must

do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita</u>

<u>Elec.</u>, 475 U.S. at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring

the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249.

Summary judgment may be granted when "the evidence is merely colorable . . . or is not

significantly probative." <u>Id.</u> at 249-50 (citations omitted).

   Notably, "[t]he rule is no different where there are cross-motions for summary judgment."

<u>Lawrence v. City of Phila.</u>, 527 F.3d 299, 310 (3d Cir. 2008).  As stated by the Third Circuit,

"[c]ross-motions are no more than a claim by each side that it alone is entitled to summary

judgment, and the making of such inherently contradictory claims does not constitute an

agreement that if one is rejected the other is necessarily justified or that the losing party waives

judicial consideration and determination of whether genuine issues of material fact exist." <u>Id.</u>

(quoting <u>Rains v. Cascade Indus., Inc.</u>, 401 F.2d 241, 245 (3d Cir. 1968)).

## III.   DISCUSSION

   The Motions currently pending present the Court with two issues.  First, Plaintiff and

Defendant Shorts have both moved for summary judgment, and so the Court must decide whether

the evidence submitted warrants judgment for either party.  Second, Plaintiff has moved for

summary judgment against ten Defendants who were never served with process, and so the Court

must decide how to address this procedural deficiency.  The Court considers each issue separately.

**A.**     **Plaintiff's Claim Against Defendant Shorts**

The Eighth Amendment to the United States Constitution imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)).  This includes the duty to protect inmates "'from violence at the hands of other prisoners.'"  Id. at 833 (quoting Cortes–Quinones v. Jimenez–Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.

Rather, when an inmate brings a claim for failure to prevent harm, he must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official acted with "'deliberate indifference' to inmate health or safety."  Id. (citations omitted).  An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  After a prisoner makes a prima facie demonstration of deliberate indifference, an official can rebut the allegation "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Here, Plaintiff asserts that, during his prison recreation time, either Defendant Tucker or Defendant Baltimore opened the cell door of Quintez Talley, another inmate, and stood by while Mr. Talley stabbed Plaintiff with a sharp object.  (Compl. ¶¶ 18-20; Pl.'s Mot. Summ. J. 2.)  The

6

Complaint alleges that Defendants Baltimore, Davis, and Tucker intervened to stop the attack after fifteen seconds had passed; Plaintiff's Motion for Summary Judgment alleges that Defendant Shorts also intervened.  (Compl. ¶ 20; Pl.'s Mot. Summ. J. 2.)  According to Plaintiff, the correctional officers were "reckless and/or deliberately indifferent in disregarding the safety of Green (1) by allowing [a] weapon inside the [Restricted Housing Unit], knowing that inmate[s] could be injure[d] behind the cell door or in front of the cell door (2) in failing to protect Green from being stabbed; and (3) in failing to comply with the policies and procedures required to keep [Plaintiff] safe."  (Pl.'s Mot. Summ. J. 6; see also id. at 2.)

In his own Motion for Summary Judgment, Defendant Shorts contends that there is no evidence that Plaintiff ever notified him of any threat, let alone a specific threat of serious harm, or that Mr. Talley had a history of violence of which he was aware.  (Def.'s Mem. Supp. Mot. Summ. J. 6-7.)  Accordingly, he cannot be held liable for failing to protect Plaintiff.

The Court agrees that Plaintiff has failed to present sufficient evidence that would allow a jury to conclude that Defendant Shorts violated his Eighth Amendment rights.  Plaintiff alleges that either Defendant Tucker or Defendant Baltimore, not Defendant Shorts, allowed Mr. Talley to leave his cell and attack Plaintiff.  According to the Complaint, Defendant Shorts's only involvement occurred when he allegedly destroyed a grievance that Plaintiff intended to file in connection with the attack.[4]  Even assuming this is true, the Complaint does not allege that

---

[4]  As noted above, Plaintiff contends in his Motion for Summary Judgment that Defendant Shorts also intervened after Mr. Talley attacked Plaintiff.  (Pl.'s Mot. Summ. J. 2.) This allegation is not contained in the Complaint.  Nevertheless, even if Defendant Shorts assisted in ending the incident at issue, it does not support Plaintiff's failure to protect claim.  If anything, it demonstrates that Defendant Shorts acted in Plaintiff's interest by separating him from Mr. Talley.

destruction of the grievance violated any of Plaintiff's rights.  In the absence of any evidence that Defendant Shorts knew of any risk to Plaintiff's safety, let alone acted with deliberate indifference to such risk, the Court finds that Plaintiff cannot sustain a failure to protect claim against Defendant Shorts.  Defendant's Motion for Summary Judgment is therefore granted and Plaintiff's Motion for Summary Judgment, with respect to Defendant Shorts, is denied with prejudice.[5]

**B.     Plaintiff's Claims Against the Remaining Defendants**

Federal Rule of Civil Procedure 4(m) states in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  As discussed above, Plaintiff attempted to serve process on all the named Defendants in this case, but no one other than Defendants Shorts answered the Complaint.  When these Defendants were ordered to show cause why default judgment should not be entered against them, an assistant city solicitor—who serves as counsel for Defendants Shorts—replied that the Philadelphia County Prison was unable to accept service on their behalf because Plaintiff failed to properly identify them.  As of the date of this Memorandum, Plaintiff has still not served the remaining named Defendants, and so the Court must deny his Motion for Summary Judgment against them.

Nevertheless, despite the fact that more than a year has passed since Plaintiff filed his Complaint, the Court finds that the interests of justice would be best served by providing Plaintiff

---

[5]  Defendant Shorts also argues that he is entitled to qualified immunity.  (Def.'s Mem. Supp. Mot. Summ. J. 7-10.)  Because the Court is granting summary judgment in Defendant Shorts's favor on the grounds that there is inadequate evidence to support a failure to protect claim against him, it declines to address the issue of qualified immunity.

with one more opportunity to effect proper service.  The Court's decision is informed by three considerations.  First, a motion to dismiss the remaining Defendants was never filed.  Second, Rule 4(m) requires this Court to give notice to Plaintiff before dismissing those Defendants sua sponte.  Finally, Plaintiff's status as a pro se prisoner weighs in favor of granting additional time to cure this procedural deficiency.  See Jackson v. City of Pittsburgh, No. Civ.A.07-111, 2007 WL 2571636, at *1 (W.D. Pa. Aug. 31, 2007) ("[W]hile Plaintiff's pro se status provides no exception to compliance with the Federal Rules of Civil Procedure, the Court takes his status into consideration, which weighs in favor of the Court using its discretion and granting an extension.").  Therefore, Plaintiff's Motion for Summary Judgment with respect to the remaining Defendants is denied without prejudice, and Plaintiff is given thirty days from the date of the accompanying Order to properly identify and serve the remaining Defendants.  Any Defendant who is not served within the time specified will be dismissed from this action.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff has failed to submit sufficient evidence to establish that Defendant Shorts was aware of a risk to Plaintiff's safety. Accordingly, Plaintiff's Motion for Summary Judgment with respect to Defendant Shorts is denied with prejudice, and Defendant Shorts's Motion for Summary Judgment is granted.  With respect to the remaining Defendants named in the Complaint, the Court is unable to find any record indicating that they were properly served with process.  Therefore, Plaintiff's Motion to Dismiss these Defendants is denied without prejudice, and Plaintiff is given thirty days from the date of the accompanying Order to serve process on the remaining Defendants.

9